FILED
SUPERIOR COURT
OF GUAM

2013 SEP 27 AM 11: 59

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

TELEGUAM HOLDINGS LLC AND ITS
WHOLLY OWNED SUBSIDIARIES,

Plaintiff,

v.

TERRITORY OF GUAM; DEPARTMENT
OF ADMINISTRATION, GENERAL
SERVICES AGENCY; THE OFFICE OF
PUBLIC ACCOUNTABILITY; PACIFIC
DATA SYSTEMS, INC.,

Defendants.

CIVIL CASE NO. 0334-13

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 20th day of September, 2013, for hearing on Defendant Pacific Data Systems, Inc.'s ("PDS's") Motion to Vacate the Decision and Order of April 29, 2013. Attorney Elyze Iriarte of Carlsmith Ball LLP represented Plaintiff Teleguam Holdings LLC ("GTA"), Attorney Bill Mann of Berman O'Connor & Mann represented PDS, and Assistant Attorney General Fred Nishihira represented the Government defendants. For the reasons set forth below, PDS's motion is denied, and the parties are ordered to submit additional briefing on the question of the standard of review that governs this Court's review of the proceedings below in this procurement challenge.

//

## I. Motion to Vacate

PDS argues that the Court's Decision and Order denying GTA's request for a temporary restraining order ("TRO") should be vacated because it functions as a restraining order by preventing PDS from beginning installation of broadband infrastructure. When this Court denied GTA's request for a TRO, it relied on representations made by the Government and by PDS that the execution of the contested portions of the bid contract would not and could not proceed during the pendency of this litigation. The Government and PDS argued successfully that a TRO would be superfluous because the status quo would be maintained by precisely the forces that PDS now complains are maintaining the status quo.

Yet, nothing in the Court's Decision and Order of April 29, 2013 comprises a legal prohibition against installation. The Court's articulation of its expectation that the status quo would be preserved by operation of law was merely an explanation of the reasoning for its denial of the TRO; it does not function as an order prohibiting installation. The Government must, of course, continue to comply with 5 GCA § 5425(g). But the Court's Decision and Order of April 29, 2013 does not enjoin PDS from breaking ground. As PDS must undoubtedly realize, if it proceeds with installation, it takes on, at the very least, the risk of the consequences an unfavorable final disposition of this case.

PDS is thus situated no differently than any successful bidder facing a procurement appeal. PDS's motion seems in substance to be little more than a call for the Court to expedite the final disposition of this matter, consistent with the policy of rapid resolution of procurement disputes. The Court understands and sympathizes with PDS's frustration and impatience with the litigation process, but cannot conclude that this is reason enough to vacate its previous decision. PDS's request for the prompt scheduling of a disposition on the merits is

acknowledged, but PDS does not articulate how vacating the Court's prior decision would in any way expedite the resolution of this case.

## II. Case Scheduling

The parties also disagree about how this case should be scheduled, and have submitted their Statement of Disagreement as to this issue and their proposed scheduling orders. PDS maintains that this case should proceed as an appeal on the record from the OPA, with only appellate briefs filed and oral argument only on those briefs. GTA maintains that this case should be given a traditional civil case schedule, including time for discovery, as anticipated by the Guam Rules of Civil Procedure.

The Court has jurisdiction over this case under 5 GCA § 5480(a), which GTA invoked in the Complaint and which PDS admitted in its Answer. In *Town House Department Stores v. Department of Education*, 2012 Guam 25 ¶ 28, the Supreme Court of Guam held that "the term 'action' in 5 GCA § 5480(a) means a 'civil action.'" The Supreme Court distinguished civil actions from special proceedings like writs of review, and pointed to the separate legislative schemes governing the different types of actions. In light of the holding and reasoning articulated in *Town House, id.*, this Court concludes that this procurement challenge is a civil action. While the Court is, again, sympathetic to PDS's desire to expedite the final disposition of this case, it appears to the Court that the final disposition must be expedited within the Guam Rules of Civil Procedure, not in disregard of them.

At hearing, GTA raised the question of what standard of the review that governs this Court's review of the decision below and whether this Court should undertake *de novo* review of the procurement. In light of the apparently conflicting authorities on this question, the Court has solicited briefing on the question of the appropriate standard review of this case, and will

consider the briefs before issuing a case scheduling order. In furtherance of the policy of fast resolution of procurement challenges, the Court intends to tailor the discovery schedule for this case to the appropriate standard of review.

## CONCLUSION

For the reasons set forth above, PDS's Motion to Vacate the Decision and Order of April 29, 2013 is DENIED, and the parties are ORDERED to submit additional briefing on the question of the appropriate standard of review of the decision below, with GTA's opening brief due by October 4, 2013, and PDS's and the Government's responses due by October 18, 2013.

**IT IS SO ORDERED** this _27_ day of September, 2013.

Original Signed By:
HON. ARTHUR R. BARCINAS

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

SEP 2 7 2013

Benny O. Cruz
Deputy Clerk Superior Court of Guam